1

2

3

4

5
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
6
AT SEATTLE

7

8
NORTH PACIFIC SEAFOODS, INC., a
Washington corporation,

9
                        Plaintiff,
CASE NO. C06-795RSM

10
          v.
ORDER ON DEFENDANT'S
MOTION TO DISMISS OR STAY

11
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., a
12
Pennsylvania corporation; and CERTAIN
UNDERWRITERS OF LLOYD'S, LONDON, a
13
society of corporate and individual members,

14

15
                        Defendants.

16

17
       This matter is before the Court for consideration of a motion to dismiss, or in the alternative to

18
stay, filed by remaining defendant National Union Fire Insurance Company of Pittsburgh, PA ("National

19
Union"). Dkt. # 28. Plaintiff has opposed the motion. The parties' memoranda and exhibits have been

20
fully considered, and the Court deems oral argument on this motion unnecessary. For the reasons set

21
forth below, the Court shall GRANT defendant's motion.

22
BACKGROUND AND DISCUSSION

23
       This action arises from operations to clean up petroleum contamination at Togiak Bay, a remote

24
Alaska site on the Bering Sea, under requirements imposed by the Alaska Department of Environmental

25
Conservation ("ADEC"). Plaintiff North Pacific Seafoods, Inc., ("North Pacific"), the successor in

26
interest to Togiak Fisheries, Inc., filed this action in June of 2006, seeking a declaration that defendant

27

28
ORDER ON MOTION TO DISMISS OR
STAY- 1

1  National Union has a duty to pay for property damage under policies issued to North Pacific.  The

2  complaint also seeks compensatory damages arising from breach of the insurance contract, and attorneys'

3  fees.  Complaint, Dkt. # 1; Amended Complaint, Dkt. # 16.  Jurisdiction of this Court is based on the

4  parties' diversity, pursuant to 28 U.S.C. § 1332.  An amended complaint was filed March 16, 2007,

5  adding "Certain Underwriters at Lloyd's, London" ("Lloyds" or "Lloyds Underwriters") as a defendant.

6  Amended Complaint, Dkt. # 16.  Lloyds was voluntarily dismissed as a defendant in this action by

7  plaintiff on June 14, 2007.  Dkt. # 22.

8  North Pacific then filed suit in King County Superior Court against Lloyds, seeking a declaratory

9  judgment that Lloyds is jointly and severally liable for the Togiak property damages claim.  On August

10  23, 2007, defendant National Union  moved to intervene as a defendant in the state court action.  The

11  motion was granted, and on September 6, 2007, National Union filed a complaint in intervention, seeking

12  a declaratory judgment that its policies do not provide coverage for the Togiak claim.   National Union

13  also sought contribution from Lloyds in the event coverage was established.  North Pacific's answer was

14  filed on September 25, 2007.  Declaration of Peter Minzer, Exhibits D, E, G, H, I.

15  North Pacific has now moved to dismiss this action or, in the alternative, to stay it pending

16  resolution of the state court action.  North Pacific asserts that this Court has discretion to take such

17  action under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  Plaintiff in response asserts that the

18  claims for compensatory damages in the complaint preclude discretionary action under the Declaratory

19  Judgment Act.  Plaintiff contends that the proper inquiry as to whether this matter should be stayed in

20  favor of the state court proceedings is set forth in *Colorado River Conservation District v. United States*,

21  424 U.S. 800 (1976).   Plaintiff argues that under the *Colorado River* "exceptional circumstances" test,

22  this action should not be stayed.

ANALYSIS

24  The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that  "any court of the United States,

25  upon the filing of an appropriate pleading, may declare the rights and other legal relations of any

26  interested party seeking such declaration.  In a declaratory judgment action, the district court has the

27

28   ORDER ON MOTION TO DISMISS OR
STAY- 2

1   discretion to defer to a parallel state proceeding."   *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286

2   (1995); *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 495 (1942).

3        This is an exception to the general rule, stated in *Colorado River,* that federal litigation may be

4   stayed in favor of parallel state proceedings only under exceptional circumstances.  424 U.S. at 817.  In

5   the case of declaratory judgment actions, courts have greater discretion to defer to a parallel state court

6   proceeding under the discretionary standard developed in *Brillhart* and *Wilton*.  *See*, *Wilton*, 515 U.S. at

7   286; *Brillhart*, 316 U.S. at 495.  The broad discretionary *Brillhart/Wilton* standard governing a district

8   court's determination whether to exercise jurisdiction over a declaratory judgment action in which there

9   are parallel state court proceedings differs from the *Colorado River* exceptional circumstances standard

10  because "[d]istinct features of the Declaratory Judgment Act ... justify a standard vesting district courts

11  with greater discretion in declaratory judgment actions."  *Wilton*, 515 U.S. at 286.   In such a context,

12  obligatory jurisdiction yields to considerations of practicality and wise judicial administration.  *Id*. at 288.

13

14       When a complaint states claims for both non-declaratory and declaratory relief, there is a question

15  as to which standard, *Colorado River* or *Brillhart/Wilton,* governs the decision whether to order a stay in

16  favor of the parallel state proceedings.  Courts of other circuits have held that the *Brillhart/Wilton*

17  discretionary standard is *per se* supplanted by the harsher *Colorado River* standard whenever an action

18  includes both declaratory and non-frivolous non-declaratory claims. *See, Kelly Investment., Inc., v.*

19  *Continental Common Corp*., 315 F. 3d 494, 497 n. 4 (5th Cir. 2002); *Village of Westfield v. Welch's*,

20  170 F. 3d 116, 124 n. 5 (2d Cir. 1999).  The Ninth Circuit rule is that jurisdiction is mandatory (subject

21  to *Colorado River* constraints) only if the non-declaratory claims can exist independently of the

22  declaratory claims, such that they could survive even if the declaratory claims vanished. *See, United*

23  *National Insurance Co. v. R & D Latex Corp.,* 242 F. 3d 1102, 1112-13 (9th Cir. 2001).   Another view,

24  embraced by some district courts (and suggested by defendant), looks to the "heart of the action" to

25  determine if the *Colorado River* or the *Brillhart/Wilton* standard should apply. *See, e.g., ITT Industries,*

26  *Inc., v. Pacific Employers Ins. Co.*, 427 F. Supp. 2d 552, 555-56 (E.D.Pa. 2006).  Under this standard, if

27   ORDER ON MOTION TO DISMISS OR

28  STAY- 3

1    the outcome of the non-declaratory claims hinges on the outcome of the declaratory ones, the

2    *Brillhart/Wilton* standard governs; conversely, if the opposite applies, the *Colorado River* standard

3    controls.

4         Plaintiff argues that the applicable rule in this circuit is that

5         "when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of
          contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district
6         court should not, as a general rule, remand or decline to entertain the claim for declaratory relief."

7    *Government Employees Insurance Company v. Dizol*, 133 F. 3d 1220, 1225 (9th Cir. 1998) (*en banc*).

8    More recently, however, the appellate court has noted that "our cases concerning the scope of the district

9    court's discretion to decline jurisdiction over declaratory claims joined with other causes of action have

10   been less than crystal clear."  *United National Insurance Co. v. R & D Latex Corp,* 242 F. 3d at 1112.

11   The court cited to two occasions in which it found that the presence of claims for monetary relief did not

12   require the district court to accept jurisdiction. *Id*., *citing Employers Reinsurance Corp. v. Karussos*, 65

13   F. 3d 796 (9th Cir. 1995) and *Golden Eagle Insurance Co. v. Travelers Co*., 103 F. 3d 750 (9th Cir.

14   1996).   In these two cases, both of which were between two insurance companies, the court concluded

15   that despite requests for monetary relief, "the actions were primarily declaratory in nature," and therefore

16   jurisdiction remained discretionary.  *Id*.  The court concluded by stating that

17        the proper analysis, then, must be whether the claim for monetary relief is independent in the
          sense that it could be litigated in federal court even if no declaratory claim had been filed.  In
18        other words, the district court should consider whether it has subject matter jurisdiction over
          the monetary claim alone, and if so, whether that claim must be joined with one for declaratory
19        relief.

20   *Id*. at 1113.

21        Applying this analysis here, the Court finds that it would have jurisdiction over a breach of

22   contract claim between these parties on the basis of diversity jurisdiction.  The question becomes whether

23   the compensatory damages claims asserted here must necessarily be joined with the claim for declaratory

24   relief.

25        In the first claim for relief, the amended complaint asks for a declaration that

26        defendants have a joint and several obligation to indemnify NPSI for all sums which may be
          recovered against NPSI for losses caused by, resulting from, contributed to or made worse
27

     ORDER ON MOTION TO DISMISS OR
28   STAY- 4

1    by the contamination or natural resource damage in the vicinity of NPSI's fish processing
     plant in Togiak, Alaska, specifically, defendants have a joint and several obligation to
2    indemnify NPSI for all sums which may be recovered with respect to the remedial action
     plan which was approved by ADEC and implemented by NPSI.  This obligation is subject
3    only to the policy limit provisions set forth in the policies.

4    Amended Complaint, ¶ 26.

5        In plaintiff's second claim for relief, the amended complaint states that

6    [d]efendants have breached the contracts of insurance they issued to NPSI by refusing or
     failing to perform their respective duties to pay in full all losses caused by, resulting from,
7    contributed to or made worse by property damage in the vicinity of NPSI's fish processing
     plant in Togiak, Alaska. . . . As a direct and proximate result of defendants' breach of their
8    contracts of insurance, NPSI has been deprived of the benefits of its insurance coverage
     with respect to the remedial action plan which has been approved by the ADEC.  NPSI
9    has, therefore, been forced to pay all costs and expenses relating to losses caused by,
     resulting from, contributed to or made worse by property damage in the vicinity of NPSI's
10   fish processing plant in Togiak, Alaska.

11   Amended Complaint, ¶¶ 28, 30.   In the third claim for relief, plaintiff states, "[a]s a direct and proximate

12   result of defendants' breach of their contracts of insurance, NPSI has been forced to incur the costs of

13   attorneys' fees and other expenses in order to prosecute this action to establish coverage.  NPSI is

14   entitled to its attorneys' fees and other expenses in prosecuting this action."  Amended Complaint, ¶ 32.

15

16       In moving to dismiss or stay this action, defendant contends that plaintiff's three causes of actions

17   are not sufficiently independent of one another to escape treatment as an action for declaratory relief, and

18   that therefore the matter should be analyzed under the factors set forth in *Brillhart* and the  Ninth Circuit

19   cases which follow.  Thus, in determining whether to abstain from exercising jurisdiction in this matter,

20   defendant urges that this Court should consider (1) avoidance of needlessly deciding issues of state law;

21   (2) discouragement of  forum shopping; (3) avoidance of duplicative litigation; (4) avoidance of

22   piecemeal litigation; and (5) possible violation of the spirit of diversity removal provisions under 28

23   U.S.C. § 1441(b).  *Dizol,* 133 F. 3d at 1225; *Continental Casualty Co. v. Robsac Industries,* 947 F. 2d

24   1367, 1371-73 (9th Cir. 1991).

25       Upon a careful reading of the claims, the Court finds that plaintiff's second and third claims for

26   relief are not separate and independent causes of action from the claim for declaratory relief.  Both are

27
      ORDER ON MOTION TO DISMISS OR
28   STAY- 5

1   inextricably entwined with, and depend upon a declaration of coverage, for their resolution.  While this

2   Court would have jurisdiction over a simple breach of contract claim due to the diversity of the parties,

3   the breach of contract claim here is not truly "independent" withing the meaning of *R & D Latex Corp,*

4   242 F. 3d at 1113.  Both the second and third claims for relief actually assert a prayer for relief,

5   necessarily dependent upon a declaration of coverage as requested in the first claim.  Thus, the actions

6   are "primarily declaratory in nature," and the jurisdiction of this Court is discretionary.  *R & D Latex*

7   *Corp,* 242 F. 3d at 1113.  In deciding whether to exercise this discretion, the Court notes that the federal

8   court's interest in retaining jurisdiction is at its lowest when it is sitting in diversity.  *Continental Casualty*

9   *Co. v. Robsac*, 947 F. 3d at 1371.

10   Applying the *Brillhart* factors here, then, the Court notes as a threshold matter that this case was

11   originally filed in this Court, not removed, so the last-stated factor does not apply.  Nor is there any

12   evidence of forum-shopping by either party.  The remaining factors all favor a stay of these proceedings

13   pending resolution of the issues in state court.  Interpretation of the insurance contract and determination

14   of coverage involve questions of state, not federal, law.  There is a pending state court parallel action,

15   one in which (unlike this action) all parties, including the Lloyd's Underwriters, are before the court.  It

16   would be an unnecessary use of judicial resources to proceed on the matter in this Court, and would pose

17   an undue risk of inconsistent rulings due to the presence of parties there, which are not present here.   As

18   between the two insurers, issues of contribution and other matters arising from their relationship to the

19   plaintiff can only be addressed in the state forum.  Finally, avoidance of piecemeal litigation is especially

20   important where, as here, all parties are before the state court.   See*, John Deere Insurance Co. v. Smith*

21   *Literage Co., Inc.,* 948 F. Supp. 947, 950 (W.D.Wash. 1996).

22   The Court finds that the above factors weigh heavily toward a stay of these proceedings in favor

23   of the state court action.  Therefore, defendant's motion to stay shall be granted.  Further, even if the

24

25

26

27

 ORDER ON MOTION TO DISMISS OR
28 STAY- 6

1  matter were to be treated under *Colorado River*[1] principles, as it would if the second and third claims

2  were considered independent claims for relief, a stay would still be appropriate.  Under this doctrine, a

3  federal court may dismiss or stay proceedings in deference to a pending state court action when doing so

4  would "promote sound judicial administration, including the conservation of judicial resources and

5  avoidance of piecemeal litigation."  *Easter v. American West Finance*, 202 F. Supp. 2d 1150, 1153

6  (W.D.Wash. 2002); *citing Colorado River Water Conservation District v. United States*, 424 U.S. 800,

7  817 (1976).

8       In *Colorado River*, the Supreme Court set forth four factors to consider in determining whether a

9  stay or dismissal would be appropriate:  (1) whether either court has assumed jurisdiction over property;

10  (2) the relative inconvenience of the two forums;  (3) the desirability of avoiding piecemeal litigation; and

11  (4) the order in which the two forums obtained jurisdiction.  *Colorado River*, 424 U.S. at 818.  Two

12  factors articulated later are (5) whether state or federal law controls; and (6) whether the state proceeding

13  is adequate to protect the parties' rights.  *Moses Cone Memorial Hospital v. Mercury Construction*

14  *Corporation*, 460 U.S. 1, 25-26 (1983).    The Ninth Circuit has added two additional factors: (7)

15  whether the proceedings are substantially similar; and (8) whether the second suit is an attempt to forum-

16  shop or avoid an adverse judgment.  *Nakash v. Marciano*, 882 F. 2d 1411, 1416-17 (9th Cir. 1989).

17       Plaintiff argues that *Colorado River* application is reserved for exceptional circumstances, due to

18  the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  *Smith v.*

19  *Central Arizona Water Conservation District*, 418 F. 3d 1028, 1033 (9th Cir. 2005); *citing Holder v.*

20  *Holder*, 305 F. 3d 854, 867 (9th Cir. 2002) (*quoting Colorado River*, 424 U.S. at 817).    The Ninth

21  Circuit, however, has observed that this statement "somewhat over states the law, because in certain

22  circumstances, a federal court may stay its proceedings in deference to pending state proceedings."

23  *Nakash*, 882 F. 2d at 1415.  Mindful that the purpose of a *Colorado River* stay is the promotion of "wise

24

25       [1]Although sometimes referred to as abstention, *Colorado River* is not technically an abstention
   doctrine.  *Smith v. Central Arizona Water Conservation District*, 418 F. 3d 1028, 1032 n.4 (9th Cir.
26  2005);  *quoting  Holder v. Holder*, 305 F. 3d 854, 867 n.4 (9th Cir. 2002).   A court's decision to decline
   to exercise jurisdiction pursuant to *Colorado River* is more properly referred to as a stay or dismissal. *Id*.
27

    ORDER ON MOTION TO DISMISS OR
28  STAY- 7

1  judicial administration," the Court turns to the factors above to determine whether they weigh in favor of

2  declining jurisdiction in this case.  *Colorado River*, 424 U.S. at 817-18.

3         Before considering the *Colorado River* factors, the Court must first determine whether there

4  exists "a substantial doubt as to whether the state proceedings will resolve the federal action. . . ." *Smith*,

5  418 F. 3d at 1033.  "Exact parallelism" between the federal and state proceedings is not required. *Id*.,

6  *quoting Nakash*, 882 F. 2d at 1416.  Rather, the test is whether the Court has full confidence that the

7  parallel state proceedings will "be an adequate vehicle for the complete and prompt resolution of the

8  issues between the parties." *Id*. at 1033, *quoting Moses H. Cone*, 460 U.S. at 28.

9         The Court here is confident that the coverage and damages issues between the parties can be

10 resolved in the state court proceedings.  The same three claims for declaratory relief, breach of contract,

11 and attorneys' fees  are present in both actions.  Indeed, the state court complaint filed by plaintiff against

12 the Lloyds Underwriters is substantially the same as the complaint in this action.  Declaration of Peter J.

13 Mintzer, Dkt. # 28, Exhibit D.  The complaint in intervention filed by National Union asks for a

14 declaratory judgment, plus a determination of equitable contribution should a duty to provide coverage be

15 found.  *Id*.  Resolution of these issues in the state court action will thus resolve the federal action, as well

16 as additional (and important) issues not present in the federal action.  The Court therefore proceeds to

17 balance the *Colorado River* factors.

18        1.  <u>Jurisdiction over the property in dispute</u>.

19        This factor is not relevant as no property is in dispute.  It does not weigh in favor of either side.

20        2.  <u>Relative inconvenience of the two forums</u>.

21        Here, this is not an "either/or" choice between the two forums, but rather a question of litigation

22 in one forum or two.  The federal action is duplicative, and has the potential to inconvenience the parties

23 and witnesses by requiring them to appear for litigation in both courts.

24        3.  <u>The desirability of avoiding piecemeal litigation</u>.

25        Piecemeal litigation occurs when different tribunals consider the same issue, duplicating efforts

26 and possibly reaching different results.  *American International Underwriters, Inc., v. Continental*

27

28  ORDER ON MOTION TO DISMISS OR
STAY- 8

1   *Insurance Company,* 843 F. 2d 1253, 1258 (9th Cir. 1988).   Here, should this Court proceed with this

2   action, there would be a real possibility of duplicative and possibly inconsistent rulings—the very meaning

3   of piecemeal litigation.  This factor weighs very heavily in favor of staying this court's hand in deference

4   to the state court proceedings.

5            4.  <u>The order in which the forums obtained jurisdiction</u>.

6            Under this factor, the courts generally consider not which forum has the first-filed lawsuit, but

7   which court has expended more effort on the case.  In other words, in which forum are the proceedings

8   more advanced.  *Moses H. Cone Memorial Hospital*, 460 U.S. at 21.  Here, although the federal case

9   was indeed filed first, both cases are still in their early stages, with discovery underway.  Apart from this

10   very motion, this Court has expended little effort in this case, mainly to adopt the parties' agreed orders

11   and stipulations.  This factor does not weigh heavily in either direction.

12            5.  <u>Whether state or federal law controls</u>.

13            Insurance coverage presents issues of state law only.  As there are no federal issues to be

14   determined, this factor weighs strongly in favor of deferring to the state court proceedings.

15            6.  <u>Whether the state proceeding is adequate to protect the parties' rights</u>.

16            The Court has partially addressed this factor above, as a threshold question.  However, an

17   additional consideration, not addressed there, is the fact that all parties are before the court in the state

18   action, and not in this action.  Therefore, the state court proceeding is a better forum than this for the

19   protection of the rights of all three parties, and the resolution of the inter-related claims.  This factor

20   weighs heavily in the Court's determination that a stay in deference to the state court proceedings is

21   appropriate.

22            7.  <u>Whether the proceedings are substantially similar</u>.

23            This factor has also been addressed above.   Here, the state court case is substantially similar to

24   this one now that National Union has been made a party to that action.  This factor weighs slightly in

25   favor of a stay here in deference to the state court proceedings.

26            8.  <u>Whether the second suit is an attempt to forum-shop or avoid an adverse judgment</u>.

27

28   ORDER ON MOTION TO DISMISS OR
     STAY- 9

1    The Court finds no indication of either forum-shopping or an attempt to avoid an adverse

2 judgment by either party.   This factor does not apply.

3                                                    CONCLUSION

4    Under *Colorado River*, the Court may stay or dismiss proceedings in deference to a pending state

5 court action when doing so would promote sound judicial administration. *Colorado River*, 424 U.S. at

6 817.  A number of factors must be considered by the Court, but they are not of equal weight, and are not

7 to be applied mechanically. *American International Underwriters*, 843 F. 2d at 1257.   The Court has

8 weighed all of the factors and found that all are either neutral or weigh against this Court's exercise of

9 jurisdiction in this matter.  Particularly important is the fact that all parties with an interest in the matter

10 are before the state court, but are not before this Court.  Further, this suit and the state court suit are

11 sufficiently similar that a stay of proceedings in this suit is warranted by the need to avoid piecemeal

12 litigation.  Plaintiff has filed the actions in both courts, and thus cannot be heard to object to the state

13 court forum.

14    The task before this Court is to "ascertain whether there exists 'exceptional' circumstances, the

15 clearest of justifications, that can suffice under *Colorado River* to justify the surrender of [its]

16 jurisdiction." *Moses H. Cone*, 460 U.S. at 2.  As set forth herein, this Court finds exceptional

17 circumstances to justify a surrender of jurisdiction.  Accordingly, defendant's motion to dismiss or stay is

18 GRANTED, and this action is STAYED pending completion of the proceedings in state court,  including

19 appeals.[2]   The trial date and all related dates for pretrial preparation are hereby STRICKEN.  The parties

20 shall file, six months from this date and every six months thereafter, a status report advising this Court of

21 the status of the proceedings in the state court.

22    Dated this 3rd day of January, 2008.

23                                                                          _____

24                                                                          RICARDO S. MARTINEZ
                                                                           UNITED STATES DISTRICT JUDGE

25    _____

26    [2]When the Court declines jurisdiction under *Colorado River*, it must stay, rather than dismiss, the
action. *Coopers & Lybrand v. Sun-Diamond Growers of California*, 912 F. 2d 1135, 1138 (9th Cir.
1990); *citing  Attwood v. Mendocino Coast District Hospital*, 886 F. 2d 241, 243 (9th Cir. 1989).

27

28    ORDER ON MOTION TO DISMISS OR
STAY- 10